OPINION
{¶ 1} Defendant-appellant Great Lakes Powersports, Inc. ("GLP") brings this appeal from the judgment of the Findlay Municipal Court finding GLP guilty of selling a vehicle without a license, a violation of R.C. 4517.02(A)(1).
 {¶ 2} GLP is a business incorporated in Michigan with its principal place of business in Michigan. GLP advertised all terrain vehicles ("ATVs") for sale in the Ohio Auto RV magazine. Landon Sidle ("Sidle") saw this advertisement and contacted GLP at its business in Michigan. The parties settled on all of the details of the sale during the telephone conversation. GLP then delivered the ATV to Sidle at his residence in Ohio. At the time of delivery, Sidle signed the sales agreements and financial documents setting forth the agreement which had been reached over the telephone.
 {¶ 3} On February 5, 2004, GLP was charged with the sale of a motor vehicle without a license in violation of R.C.4517.02(A)(1), a minor misdemeanor. A motion to dismiss the complaint was filed on August 30, 2004. This motion was denied by the trial court. The matter proceeded to trial on November 30, 2004. At the conclusion of the trial, the trial court found GLP guilty and assessed a fine of one hundred dollars plus court costs. GLP appeals from this judgment and raises the following assignments of error.
The trial court erred in finding [GLP] guilty of violating[R.C. 4517.02(A)(1)] because the statute violates the dormantcommerce clause of the United States Constitution.
 The trial court erred in finding [GLP] guilty of violating[R.C. 4517.02(A)(1)] as the sale of the motor vehicle essentiallytook place over the telephone.
 {¶ 4} Both assignments of error question whether GLP is guilty of violating R.C. 4517.02(A)(1), which states as follows.
Except as otherwise provided in this section, no person shalldo any of the following:
 (1) Engage in the business of displaying or selling at retailnew motor vehicles or assume to engage in such business, unlessthe person is licensed as a new motor vehicle dealer under [R.C.4517.01 to 4517.45], or is a salesperson licensed under thosesections and employed by a licensed new motor vehicle dealer[.]
One who violates this requirement is guilty of a minor misdemeanor and subject to a mandatory fine of one hundred dollars for the first offense. R.C. 4517.99.
 {¶ 5} GLP's claim in the first assignment of error is that the statute at issue violates the dormant commerce clause of the U.S. Constitution. The dormant commerce clause prevents a state from enacting a law placing restrictions on commerce which either have the intent or the effect of unduly burdening out of state businesses and, thus, benefiting in state businesses. GLP claims that the statute places an undue burden on out-of-state dealers by requiring a physical presence. However, this same physical presence is required of in-state dealers as well. Thus, the statute is neutral on its face.
 {¶ 6} This leads to the next step in the analysis and the question of whether the statute is neutral in effect. GLP claims it is not because it requires out-of-state dealers to establish a physical presence in Ohio in order to sell new motor vehicles in Ohio. GLP argues that this would substantially increase the cost of selling new motor vehicles in Ohio by requiring a second place of business. However GLP presented no evidence as to what these additional costs would be from which the court could determine that the extra expense would be unduly burdensome. Nor did GLP present any evidence that it had attempted to procure a license without a physical location in Ohio and been denied the license. Without the presentation of some evidence going to these essential facts, GLP could not establish what the burden on interstate commerce might be, if any, and the trial court did not err in its judgment. The first assignment of error is overruled.
 {¶ 7} In GLP's second assignment of error, GLP claims that it is not guilty of the offense because the sale did not occur in Ohio but, rather, over the telephone. This raises a question of fact. Factual matters are within the sole discretion of the trial court and may not be reversed on appeal as long as the factual determination is supported by the record. State v. Wright,
7th Dist. No. 03 MA 112, 2004-Ohio-6802, at ¶ 28. Sidle testified at the trial that although an agreement was reached over the phone, the paperwork was signed in Ohio at the time the vehicle was delivered to him. The paperwork included the sales agreement and the financing papers. Given this evidence, the trial court could reasonably conclude that the sale occurred in Ohio, rather than in Michigan. Since there is evidence in the record to support the trial court's finding of fact, the second assignment of error is overruled.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.